IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:   ANNE B. LASOWSKI                    4:07-bk-11628
                                             CHAPTER 13

## MEMORANDUM OPINION

Before the Court is the chapter 13 trustee's Objection to Confirmation of Initial Plan filed on May 11, 2007 [the Objection]. On March 29, 2007 [the Petition Date], Anne B. Lasowski [the Debtor] filed a petition under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended. The Debtor claimed a deduction from her disposable income of $150 per month for 401(k) loan repayments that will be paid off prior to the completion of her proposed plan; on that basis, the trustee objected to Debtor's calculation of disposable income on the Debtor's Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income [Form 22C]. The Court held a hearing on the trustee's Objection on June 27, 2007, and took the matter under advisement to allow the parties additional time to brief the issues. For the reasons stated below, the Court overrules the Objection.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, as applied to this proceeding through Federal Rule of Bankruptcy Procedure 9014.

EOD  9/14/2007
by A Robinson

**Background**

The facts in this case have been stipulated in pertinent part as follows:

> 3)      The schedules and Form 22C reflect the debtor's obligation on two 401(k) loans.
>
> > (A)      The first loan was issued on September 7, 2005, in the amount of $1,100 and, as of the date of the petition, $289.99 remained to be paid on that loan.  Under the terms of the obligation, the debtor pays $50.00 per month.  The expected pay-off date is September 21, 2007.
> >
> > (B)      The second loan was issued on August 16, 2006, in the amount of $1,800.  As of the date of the petition, $1,192.24 remained to be paid on the obligation.  Under the terms of the obligation, the debtor pays $100 per month.  The expected pay-off date is April 30, 2008.
>
> 4)       Form 22C reflects that the debtor is "above-median.["]  Line 55 of Part V [of Form 22C[1]] includes a deduction of $429.21 for the debtor's 401(k) contributions as follows:
>
> - $245.96 for her regular 401(k) contribution;
> - $50.00 for her regular monthly payments on the first 401(k) loan obligation; and
> - $100.00 for her regular monthly payments on the second 401(k) loan obligation.
>
> Line 55 should reflect the sum of these numbers, $395.96.[2]  (footnotes added).

Additionally, the parties stipulated to the following exhibits:  Schedule I. Current Income of Individual Debtor(s); Form 22C; and a statement showing the debtor's 401(k) loan balances.

---

[1]  Line 55 requests that debtors "[e]nter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans as specified in § 541(b)(7) and (b) all repayments of loans as specified in § 362(b)(19)."

[2]  The parties attributed the discrepancy between the amount listed on Line 55 and the total that Line 55 should reflect, as currently calculated, to the fact that the Debtor averaged-in payments to a prior loan that she repaid prior to the Petition Date, and the fact that the debtor's monthly income varied such that her payroll deductions for her regular 401(k) contribution, made at the rate of 6% of earnings, varied. For the purposes of this matter, the parties stipulated that Line 55 should reflect the actual deduction of $395.96.

2

Because the Debtor will pay off her 401(k) loan obligations prior to the completion of her proposed plan, the trustee objects to the Debtor claiming a full deduction for the monthly loan repayments. Despite the fact that the Debtor's loan obligations will terminate prior to completion of the proposed plan, the $150 that the Debtor currently pays will thereafter remain excluded from the Debtor's disposable income; this will result in a reduced distribution of over $7,000. The trustee submits that the Debtor's calculation on Form 22C should list a prorated repayment amount for purposes of determining the Debtor's disposable income over the life of the proposed plan; this was the sole basis for the trustee's objection; accordingly, the Court's ruling is limited to the issue of whether a debtor's 401(k) loan payment should be prorated for the purpose of calculating the debtor's disposable income.

Debtor contends that she properly listed her 401(k) loan repayments as instructed by Form 22C, that she has complied with all applicable provisions of the code, and that the code does not provide for the proration of her loan repayments for the purpose of calculating disposable income. The Debtor argues that the Court should overrule the Objection based on a strict application of § 1322(f), which provides that "[a] plan may not materially alter the terms of a loan described in section 362(b)(19) and any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."

**Discussion**

When a trustee or an unsecured creditor objects to the confirmation of a proposed chapter 13 plan, § 1325 requires, in relevant part, that the plan may only be approved if the plan proposes to pay unsecured claims in full or "provides that all of the debtor's projected

3

disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1). In this case, because Debtor's income exceeds the median amount for the State of Arkansas, § 1325(b)(3) requires the Debtor to calculate her disposable income by using Form 22C, better known as the "means test," which determines expenses in accordance with IRS national and local standards.

The process of determining an above-median income debtor's disposable income has become rigidly structured under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), effective October 17, 2005. Prior to BAPCPA, debtors would subtract their monthly expenses reported on Schedule J from monthly income reported on Schedule I. Courts had discretion in determining whether the listed expenses were reasonably necessary for the support of the debtor and his or her dependants. However, BAPCPA has the effect of eliminating a court's discretion with respect to above-median income debtors.

First, "disposable income," an expressly defined term,[3] is determined by taking the debtor's "currently monthly income"—also a defined term[4]—and subtracting amounts reasonably necessary for the debtor's maintenance and support. Second, in determining

---

[3] "Disposable income" is defined, in relevant part, as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended—(A) (i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and (ii) for charitable contributions . . . in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made . . . ." 11 U.S.C. § 1325(b)(2)(A)(i)-(ii).

[4] "Current monthly income" is defined, in relevant part, as "the average monthly income from all sources that the debtor receives . . . without regard to whether such income is taxable income, derived during the 6-month period ending on—(i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii) . . . ." 11 U.S.C. § 101(10A).

4

what expenses qualify as "reasonably necessary" with respect to an above-median debtor, § 1325(b)(3) requires debtors to follow the § 707(b) means test and to complete Form 22C. Third, although § 707(b)(2) does not specifically list 401(k) contributions, § 541(b)(7) provides that such contributions "shall not constitute disposable income as defined in section 1325(b)(2)." Additionally, § 1322(f), a BAPCPA addition, expressly excludes 401(k) loan repayments from the disposable income calculation. Section 1322(f) states, "A plan may not materially alter the terms of a loan described in section 362(b)(19) and any amounts required to repay such loan shall not constitute 'disposable income' under section 1325."[5] This provision resulted from Congress's desire to better protect retirement savings. 8 COLLIER ON BANKRUPTCY ¶ 1322.19 (rev. 15th ed. 2006).

While the code makes it clear that retirement contributions and repayments should not be considered as disposable income, the code offers no additional guidance on whether the repayment of a 401(k) loan prior to the completion of a debtor's plan should affect confirmation with respect to the initial disposable income calculation. Had Congress intended for chapter 13 plans to prorate retirement loans for purposes of the means test, as the trustee has suggested, Congress could easily have done so. Tellingly, § 707(b)(2) expressly provides for the proration of priority debts[6] and arrearages on secured loans[7]. Given the fact that chapter 13 plans may last for up to 60 months, Congress could have anticipated that some plans would outlive 401(k) loan repayments. Despite permitting or requiring prorations in other analogous circumstances, Congress chose not to do so in this

---

[5] Section 362(b)(19) exempts from the automatic stay wages withheld through retirement plans established under §§ 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code.

[6] Section 707(b)(2)(A)(iv).

[7] Section 707(b)(2)(A)(iii)(II).

instance.  "It is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 1761 (1994) (internal quotations and citations omitted).  Further, the fact that a plan may not materially alter retirement loan repayments, when coupled with the fact that an employer is not stayed from withholding contributions and the amounts may not constitute disposable income, strongly and conclusively demonstrates that Congress favors the deduction of the actual loan payment rather than a prorated amount.  *In re Wiggs*, No. 06-70203, 2006 WL 2246432, at *3 (Bankr. N.D. Ill. Aug. 4, 2006) (unpublished).

The trustee argues that proration for purposes of Form 22C does not materially alter the terms of the loan obligation, but merely removes the entirety of the loan obligation from the realm of disposable income.  This creates an immediate inconsistency between the calculated disposable income figure and the contractual amount that the Debtor is obligated to pay monthly on her 401(k) loans.  This results in a diminished amount left in the Debtor's hands to adequately and fully service the 401(k) debt the very month after confirmation.

Few courts have had the opportunity to address this issue under BAPCPA.  Two courts have found that § 1322(f) prohibits any attempt to prorate 401(k) loan repayments over the length of a plan.  *In re Haley*, 354 B.R. 340, 344 (Bankr. D. N.H. 2006); *Wiggs*, 2006 WL 2246432, at *3.  In *Haley*, the trustee proposed prorating 401(k) loan repayments where the debtor claimed a deduction for a monthly payment of $754.16 even though the debtor's 401(k) loan obligation would be paid in full after week 28 of the debtor's 60-month plan.  354 B.R. at 344.  The court ruled that any proration of the monthly payment

6

would materially alter the terms of the 401(k) loan.  In reaching this decision, the court concurred with *Wiggs*, where the court stated that "[t]he repayment and contribution to retirement plans cannot be materially altered and are not included in the calculation of disposable income.  Therefore, the actual monthly payment amount should be deducted." *Wiggs*, 2006 WL 2246432, at *3.

One court, in a decision not discussed by the trustee, has recently departed from this line of cases, preferring to increase debtors' disposable income upon the termination of retirement loan obligations.  *In re Nowlin*, 366 B.R. 670, 676 (Bankr. S.D. Tex 2007).  In *Nowlin*, the court denied confirmation of a chapter 13 plan where the debtor's retirement loan would be paid off in the 25th month of a 60-month plan.  The trustee objected to the fact that the debtor did not propose an increase in her monthly plan payments upon the payoff of the loan.  The court held that the use of the word "projected" in "projected disposable income" requires debtors to "account for any events which will definitely occur during the term of the Plan that would alter either the income or expense side of the disposable income calculation." *Id.* at 674.

The *Nowlin* approach is attractive; however, the applicable statutory scheme is not worded prospectively.  The "disposable income" calculation is based on exacting historical data juxtaposed with equally exacting deductions.  BAPCPA's removal of discretion in determining an above-median debtor's disposable income sacrificed sensible judicial examination in favor of formulaic uniformity.

> Although contrary to the stated purpose of BAPCPA and seemingly discriminatory against chapter 13 debtors with incomes below the median, the unambiguous language of the new statute compels but one answer: the above-median debtor's expense deductions are governed by Form B22C, not by Schedule J. If the above-median debtor's Form B22C contains enough deductions, the debtor will be entitled to obtain confirmation of a plan paying nothing to the unsecured creditors, even though the debtor's budget shows that excess funds are available.

*In re Guzman*, 345 B.R. 640, 642 (Bankr. E.D. Wis. 2006).

Indeed, this application may lead to harsh results; but, the code is clear. Section 1325(b)(3) states that, in determining disposable income for a debtor whose current monthly income is greater than the median family income for the state, amounts reasonably necessary for maintenance and support shall be determined by the means test. 11 U.S.C. § 1325(b)(3). "The use of 'shall' in section 1325(b)(3) is mandatory and leaves no discretion with respect to the expenses and deductions that are to be deducted in arriving at disposable income." *In re Barr*, 341 B.R. 181, 185 (Bankr. M.D. N.C. 2006); *see also In re Kolb*, 366 B.R. 802, 812 (Bankr. S.D. Ohio 2007) (stating that use of § 707(b)(2) reflects Congress's intent to provide less discretion in determining expenses for above median family income debtor); *In re Miller*, 361 B.R. 224, 228—29 (Bankr. N.D. Ala. 2007) (discussing cases in general and holding Form 22C dispositive for above median income debtor's projected disposable income); *but see In re Ward*, 359 B.R. 741, 744 (Bankr. W.D. Mo. 2007) (stating Form 22C means test serves as a starting point in determining projected disposable income); *In re Gress*, 344 B.R. 919, 922 (Bankr. W.D. Mo. 2006) (same). Section 1325(b)(3), coupled with the strict application of §§ 1322(f) and 707(b)(2), may result in diminished distributions to unsecured creditors in cases such as this.

**Conclusion**

The Court is bound to follow the dictates of Congress, as expressed in the code. In calculating disposable income, the code does not provide for the proration of 401(k) loan repayments when such loans will be paid off prior to the completion of a debtor's plan. Accordingly, the trustee's Objection is overruled and the debtor's plan is confirmed.

IT IS SO ORDERED.

_September 14, 2007_  
DATE                                RICHARD D. TAYLOR  
                                    UNITED STATES BANKRUPTCY JUDGE

cc:    Kent Pray, attorney for the debtor  
       David D. Coop, chapter 13 trustee  
       Kimberly F. Woodyard, attorney for the trustee